UNITED STATES of America,
Plaintiff—Appellee,

v.

Patricia PERALTA, Defendant—
Appellant.

No. 01–50141.

D.C. No. CR–00–00444–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided April 23, 2002.

---

Before REINHARDT and TALLMAN,
Circuit Judges, and DAMRELL,* District
Judge.

MEMORANDUM **

Patricia Peralta appeals her conviction
for importation of marijuana in violation
of 21 U.S.C. §§ 952 and 960 and posses-
sion of marijuana with the intent to dis-
tribute in violation of 21 U.S.C.
§ 841(a)(1) on two grounds. First, Peral-
ta argues that, under *United States v.
Vallejo*, 237 F.3d 1008, 1012 (9th Cir.
2001), *amended by* 246 F.3d 1150 (9th
Cir.2001), the district court erred when it
admitted expert testimony about the
structure of drug trafficking organizations
in this simple, non-conspiracy case. Sec-
ond, she contends that the district court
abused its discretion when it excluded the
expert testimony of Dr. Beatriz Heller, a
clinical psychologist, who the defense
sought to have testify about how Peralta's
depressive disorder would have affected
her response to police interrogation. *See
id.* at 1018–22 (holding that it was an
abuse of discretion for a district court to
exclude expert psychological testimony
that explained why the defendant in a
drug importation case might have had a
different recollection than the customs in-
spector of the substance of their commu-
nication during an interrogation at the
border). Dr. Heller's testimony, Peralta
argues, would be relevant to the determi-
nation of whether her statements to the
customs inspectors revealed that she had
knowledge of the drugs in her car. More-

---

* The Honorable Frank C. Damrell, Jr., United
States District Judge for the Eastern District
of California, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

over, Peralta contends that the exclusion of this expert testimony violated her Fifth and Sixth Amendment rights to a fair trial and to present a defense.

We hold that the district court abused its discretion when it excluded Dr. Heller's testimony and that, in so doing, it violated Peralta's Fifth and Sixth Amendment rights. *See DePetris v. Kuykendall,* 239 F.3d 1057, 1062 (9th Cir.2001) (holding that the exclusion of critical, corroborative defense evidence violated the defendant's due process rights); *Franklin v. Henry,* 122 F.3d 1270, 1273 (9th Cir.1997) (same). Dr. Heller's testimony was relevant to the issue of knowledge—the sole issue in Peralta's case—and her testimony could have affected the jury's view of that issue. *See Vallejo,* 237 F.3d at 1018–22; *see also United States v. Bighead,* 128 F.3d 1329 (9th Cir.1997) (finding that expert psychological testimony about the characteristics of "delayed disclosure" and "script memory" would assist the trier of fact in determining whether the victim was abused as a child). Accordingly, we reverse Peralta's convictions and remand to the district court for further proceedings.[1]

REVERSED AND REMANDED.

---

**1.** Alternatively, reversal is required because the district court erred when it admitted expert testimony about the structure of drug trafficking organizations in this simple, non-conspiracy case. *Vallejo,* 237 F.3d at 1012.

We reaffirmed this part of *Vallejo* in our opinion filed concurrently herewith. *See United States v. Pineda–Torres,* 287 F.3d 860 (9th Cir.2002).